(30 Misc. Rep. 334.)

### LOWRY v. FARMERS' LOAN & TRUST CO. et al.

(Supreme Court, Special Term, New York County. January, 1900.)

LIFE ESTATES—TRUSTS—CORPORATE STOCK—STOCK DIVIDEND.

When corporate shares are bequeathed in trust, the income to be paid to certain beneficiaries for life, with the remainder to their heirs, stock dividends declared on such shares become part of the remainder, and are not part of the income payable to the life beneficiaries.

Action by Edmund T. Lowry against the Farmers' Loan & Trust Company and others for the construction of a trust. Judgment for defendants.

Eaton & Lewis (Eugene H. Lewis and Clinton E. Bell, of counsel), for plaintiff.

Turner, McClure & Rolston (David McClure, of counsel), for defendant Farmers' Loan & Trust Co.

Alfred Roelker, Jr., for defendant Muriel Valentine.

RUSSELL, J.  This case presents sharply the question as to whether stock dividends of a corporation go as income to the life beneficiary, or remain as added representatives of the trust fund, undiminished in its income-productive power by the withdrawal of one-third, under the form of a stock dividend.  John Lowry, the testator, died January 26, 1895, the owner, among other securities, of 50 shares of the Pullman Palace-Car Company stock.  That company was then capitalized at $36,000,000, and had a surplus of over $25,000,000.  To provide for his children, he bequeathed to the trust company this, with other securities, to pay over the income to his children for life, with remainder to their right heirs, without any diminution of the income by reserving a part as a sinking fund to meet possible depreciation in the value of the securities.  The trust company set aside for the benefit of the plaintiff, who is one of the children of the testator, eight shares of the Pullman stock, and has paid him the cash dividends, including an extra one of 20 per cent.  In 1898 the Pullman Company declared a stock dividend of 50 per cent., effective November 15, 1898.  It had then about $20,000,000 of surplus, having paid that year the cash dividend of $7,200,000.  The plaintiff claims four shares of this division as a part of the eight shares devoted to his life benefit, and possibly other children have similar claims.  There is much to be said against calling that income which is merely a certificate of one-half more of smaller interests, when the total only represents the same proportionate share of the corporation, through a dilution of the parts which may together number 1,000 into 1,500, and so call the shareholder's certificate of a $1/1500$ part the income of his former $2/1000$.  It is easy to see that when a corporation pays a cash dividend it parts with so much property which the stockholder receives; but it is harder to understand that a paper certificate, declaring that he has one-half more fractional interests, without increase of proportional rights, and without taking from the corporation any of its income or surplus, is an earned income to the stockholder.  Alterations of capital by increase are not earnings, and the divisions of such increase not income.  But still the act of the corporation may be within the range of the purpose contemplated by a testator or contracting parties.  McLouth v. Hunt, 154 N. Y. 179, 48 N. E. 548, 39 L. R. A. 230, and cases cited; Riggs v. Cragg, 89 N. Y. 487; In re Rogers, 161 N. Y. 108, 55 N. E. 393.

It may well be that a testator has in view the possibility that a corporation may withhold from his life beneficiaries, by declaring only narrow dividends for years after he shall have passed away, although the earnings in such years fairly required larger benefits to the stockholders, and thereafter equalize its action by a stock dividend representing such difference, using that form to limit the shareholders by the requirement of reinvestment in the increased capital of the

company. In such cases the wish of the testator is preserved, and the substance of the security he leaves for value, as producing life income to beneficiary, and its capital to remainder-man, will not be eaten up by absorption of a large part of this substance from time to time through the effect of the act of the company, which had no such effect in contemplation as the result of its acts. John Lowry, the testator, himself bought these shares of the stock of the Pullman Company. He presumably believed in its future earning success. He foresaw its value to produce income from current earnings. Those earnings would spring, not only from capital, but from present accretions of surplus, employed in extensions and improvements, as well as cash, and he might well look to the receipt of income by the beneficiary from this source, no matter in what form the dividends were declared. But he could not have contemplated the cutting off from existing capital and surplus one third, so narrowing his estate, secured for life benefit to the child and remainder to that child's heirs, or that the child would draw income from two thirds of the Pullman shares through the trustee while he took the other third as owner himself, or that the remainder-man could receive ultimately only two thirds of the security left him by the testator; and that testator had also the right to view the customary action of directors in the declaration of dividends by paying them from cash currently earned, with the safeguard of wise provision for the needs of the future; and he had in contemplation no deliberate diminution of the capital of the fund he left as a capital fund to his legatees.

Judgment for defendants, with costs.